**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GEORGE CANNAN, et al., | CIVIL ACTION NO. 09-3687 (MLC) |
|     Plaintiffs, | **MEMORANDUM OPINION** |
|     v. |  |
| EMC PACKAGING INC., et al., |  |
|     Defendants. |  |
| EMC PACKAGING, INC., |  |
|     Third-party Plaintiff, |  |
|     v. |  |
| JS REALTY, LLC, et al., |  |
|     Third-party Defendants. |  |

**THE PLAINTIFFS** bringing this action against defendants, EMC Packaging Inc. ("EMC Packaging"), Industrial Enterprises of America, Inc. ("IEAI"), and P&V Warehouse and Distributing Co. Inc., to recover damages pertaining to the allegedly wrongful taking by EMC Packaging and IEAI of approximately 2,000 cylinders belonging to plaintiffs, and for return of the cylinders themselves (dkt. entry no. 1, Rmv. Not., Ex. B, Am. Compl.); and the Court becoming aware that both EMC Packaging and IEAI separately filed petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") (Rmv.

Not. at 2), see Chapter 11 Voluntary Petition, In re EMC Packaging, Inc., No. 09-11524 (Bankr. D. Del. May 3, 2009); Chapter 11 Voluntary Petition, In re Industrial Enterprises of America, Inc., No. 09-11508 (Bankr. D. Del. May 1, 2009); and it appearing that EMC Packaging's bankruptcy action and IEAI's bankruptcy action, among others, are being jointly administered by the Bankruptcy Court in In re Pitt Penn Holding Co., Inc., No. 09-11475 (Bankr. D. Del.) ("Bankruptcy Action"), see Order Authorizing Joint Administration of Related Chapter 11 Cases, In re EMC Packaging, Inc., No. 09-11524 (Bankr. D. Del. May 11, 2009); and

**THE COURT** noting that an action is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy," Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted);[1] see also In re Combustion Eng'g, Inc., 391 F.3d 190,

---

[1] The Court of Appeals for the Third Circuit has recognized that the "Supreme Court effectively . . . overruled Pacor with respect to its holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). But Things Remembered does not disturb the authority of Pacor on the points for which we cite it. In fact, the Pacor test 'has been enormously influential' as a 'cogent analytical framework' relied upon by our sister circuits more than any other case in this area of the law. [In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1181 (3d Cir. 1996)]." In re Resorts Int'l, Inc., 372 F.3d 154, 164 n.6 (3d Cir. 2004).

226 (3d Cir. 2004); and the Court noting that to be "related to" bankruptcy, the action need not be against the debtor or the debtor's property, Pacor, Inc., 743 F.2d at 994; and the Court further noting that an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate," id.; see also In re Combustion Eng'g, Inc., 391 F.3d at 226; and

**THE COURT** further noting that pursuant to 28 U.S.C. § ("Section") 1412 a district court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties," 28 U.S.C. § 1412; see also Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (instructing that proper method for transferring related action to bankruptcy court already hearing bankruptcy case is to seek change of venue in the non-bankruptcy forum under Section 1412 and then, in bankruptcy forum, refer the related action to bankruptcy court); Abrams v. Gen. Nutrition Cos., Inc., No. 06-1820, 2006 WL 2739642, at *8 (D.N.J. Sept. 25, 2006) (finding that Section 1412 also applies to transfer of actions "related to" bankruptcy case); and the Court noting that in general, the forum where the bankruptcy case is pending is the proper venue

for all actions "related to" that bankruptcy case, Abrams, 2006 WL 2739642, at *9; see also Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck, Inc. v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999); and

**THE COURT** concluding that this action is related to the Bankruptcy Action because the outcome of this action could conceivably affect the estates being administered in bankruptcy, see Pacor, Inc., 743 F.2d at 994; and the Court also concluding that the interests of justice and convenience of the parties favor a transfer of venue to the District of Delaware, see 28 U.S.C. § 1412; and the Court finding that the District of Delaware is the proper forum since this action is related to the Bankruptcy Action, which is already pending in the Bankruptcy Court, see In re Pitt Penn Holding Co., Inc., No. 09-11475 (Bankr. D. Del.); Abrams, 2006 WL 2739642, at *9; and the Court finding that the Bankruptcy Court is more familiar with the Bankruptcy Action and what may be required for efficient administration of the estates, see Abrams, 2006 WL 2739642, at *9 (emphasizing that allowing bankruptcy court to handle all matters related to the bankruptcy estate would promote efficient administration of bankruptcy estate and interest of justice); and the Court finding that the Bankruptcy Court is better positioned to determine how and to what extent this action will affect administration of the bankruptcy estates, see Hohl, 279 B.R. at

4

178 (recognizing that bankruptcy court would be well-positioned to evaluate effect non-bankruptcy action would have on administration of bankruptcy estate and distribution of its assets); and the Court thus intending to transfer this action to the United States District Court for the District of Delaware; and for good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: August 17, 2009